UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

JEROME HUGHES, )
 )
 Petitioner, )
 )
 vs. ) Case No. 2:14-cv-194-WTL-WGH
LaRIVE-WARDEN, )
 )
 Respondent. )

**Entry and Order Dismissing Action**

**I.**

**A.**

The petitioner shall have through August 12, 2014 in which to either pay the $5.00 filing fee or demonstrate that he lacks the financial ability to do so.

**B.**

The petition of Jerome Hughes is before the court for preliminary review pursuant to Rule 4 of the *Rules Governing Section 2254 Cases*. (This Rule also may be applied to habeas petitions not brought under § 2254, such as this petition pursuant to 28 U.S.C. § 2241. Rule 1(b), *Rules Governing § 2254 Cases*; see also 28 U.S.C. § 2243 (habeas court must award the writ or order respondent to show cause why the writ should not be granted, unless the application makes it clear petitioner is not entitled to relief).

Hughes is confined in the Southern District of Indiana serving the executed portion of a 480-month sentence imposed by the United States District Court for the Western District of Wisconsin on February 24, 2009 following his guilty plea to drug offenses. His claims of being denied the effective assistance of counsel during the plea bargaining process and at sentencing were rejected in an action brought pursuant to 28 U.S.C. § 2255. *United States v. Hughes*, 2010 WL 3982138 (W.D.Wis. Oct. 8, 2010). He now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that that the recidivist enhancement pursuant to U.S.S.G. § 4B1.1 is invalid based on the recent decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and that he is entitled to be resentenced without that enhancement.

*Descamps* held that courts may not use the "modified categorical approach," under which a court may look beyond the statutory elements to "the charging paper and jury instructions used in a case," for determining whether a prior conviction constitutes a violent felony when the criminal statute violated describes a generic offense rather than a nongeneric statute describing multiple, alternate versions of the crime. 133 S. Ct. at 2283–86 (quotation omitted).

Petitioner brings this action under 28 U.S.C. § 2241, which allows a court to grant a writ of habeas corpus for a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A 28 U.S.C. § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence, *see Davis v. United States*, 417 U.S. 333, 343 (1974), although § 2241 also supplies a basis for collateral relief under limited circumstances. "A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). The Court of Appeals for the Seventh Circuit has held

that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). In *Hill,* the Seventh Circuit reiterated: "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" 695 F.3d at 648 (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

"To date, the Supreme Court has not made *Descamps* retroactive on collateral review." *Groves v. United States*, 2014 WL 2766171, *4 (7th Cir. June 19, 2014). However, the rule in *Descamps* has been the rule in the Seventh Circuit since at least 2009. *See United States v. Woods*, 576 F.3d 400, 411 (7th Cir. 2009). In this case, moreover, Hughes was not convicted as an armed career criminal under § 924(e) or § 4B1.4, but rather was merely termed a career offender under § 4B1.1.

As narrated above, Hughes filed a motion for relief pursuant to 28 U.S.C. § 2255 in the trial court. The motion was denied. The denial of the 28 U.S.C. § 2255 motion included the specific rejection of Hughes' challenge to his sentence.

> His counsel had no ground on which to persuade the government not to dwell on defendant's prior crimes. Those crimes were very much a part of who defendant was and what kind of sentence would be reasonable and necessary to achieve protect the community. Defendant says it was double counting to talk about the prior crimes because they had been included in his criminal history score, but he is wrong. The criminal history score determined the guideline range; it did not restrict the sentencing judge from deciding whether to sentence within that range, below it or above it. The number of prior crimes an-d their nature were relevant to that decision.

*United States v. Hughes,* 2010 WL 3982138, *3 (W.D.Wis. Oct. 8, 2010).

Hughes' challenge was or could have been presented in his 28 U.S.C. § 2255 action. It is not available for further review here. *See Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). "The essential point is that a prisoner is entitled to one unencumbered opportunity to receive a decision on the merits." *Potts v. United States*, 210 F.3d 770 (7th Cir. 2000). Hughes had that opportunity.

Additionally, Hughes has not shown that he is "innocent" of the enhanced § 841 sentence. He simply argues that one of the prior convictions was not a qualifying felony. He does not rest this argument on a new case of statutory interpretation decided after his first § 2255 motion was decided and which is to be applied retroactively. "Too much imprisonment is not the equivalent of innocence of the crime." *Harvey v. Sherrod*, 2009 WL 2231718, at *9 (S.D.Ill. July 27, 2009) (citing *Unthank v. Jett*, 549 F.3d 534, 536 (7th Cir. 2008)) (dismissing a § 2241 petition).

@Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.@ *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Hughes has not met that burden. Instead, he has sought relief pursuant to 28 U.S.C. § 2241 under circumstances which do not permit or justify the use of that remedy. His petition for a writ of habeas corpus is denied because the petition shows on its face the Hughes is not entitled to the relief he seeks.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 7/28/14

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JEROME HUGHES
#06386-090
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808